Judge Robertson,
delivered the opinion of the Court.
James M’Cracken, being entitled, oíi settlement, to $100 in commonwealth’s paper, from the *273 'trustees of Frankfort, for sinking a well for the use "of the town, Jeptha Dudley, the treasurer for the board, on their order, executed to him the following note, (viz:) “Due Mr. James M’Cracken, one hundred doliars out of the town funds, &c. it being in part of cerfificateNo. 71, to be paid according ,to seniority.
Dudley’s noté tóM‘Crae en
Mills’s bill v3. M’Crackeh.
order of circuit court.
Hampton acsignee, &o. sues in cove-note,"and bae judgment W. Dudley,
Dudley’s anBwer) a!}d crossbil!"
“J. DUDLEY; Treasurer”
This note was assigned to Hampton;
H. L. Mills, who assisted M’Cracken in the work on the well, filed his bill in chancery, against him and Dudley, charging; thát he, (Mills,) was entitled, as partner with M’Cracken, to one half of the note, that M’Cracken Was insolvent, &c. and praying an injunction to restrain Dudley from paying M’Cracken.
Before either M’Crackén or Dudley answered, the court, on the motion of Mills, made an order directing Dudley to pay over to him the amount enjoined, which was $67, on the execution, by Mills, of a refunding bond.
Afterwards, Hampton, as assignee, brought an action of covenant on thenbté against Dudley, and by default, on a writ of enquiry; having obtained the following verdict, (viz:) “We of the jury, find for the plaintiff, the debt in the -ieelaration mentined, and one cent damages;” the co..rt rendered in bis favor, the following judgment, (viz:) “That the plaintiff recover of the said defendant, the sum of one hundred dollars, the debt in the declaration mentioned, with interest at the rate of six per cent, per annum, from the 29th of August, 1825, until paid, and the damages assessed by the jurors, &c. &c.”
Dudley then filed his answer to Mills’ bill, in which he set forth, that the contract with M’Cracken and the trustees; was for commonwealth’s paper; that the order on him was drawn for paper; that the funds of the town were such paper, and nothing else, and so known tobe by^M’Cracken; that Hampton refused to accept commonwealth’s paper in discharge of his judgment; that in consequence of the order of court, he had paid Mills $12, for which he exhibited Mills’ receipt, and for which he prayed credit. He also prayed for an injunction against the judgment; and *274 for final and general relief, and made Hampton and M’Craeken defendants to his answer, in the nature of a cross bill; The injunction being granted, M’Cracken and Hampton answered the cross bill, and required proof of all its material allegations. But every allegation of Dudley is abundantly proved, except the payment of the $12, of which there is no evidence, except a paper purporting to be Mills’ receipt for it. Mills’ bill abated by bis death, and all its equity had been denied and seemed'to be abandoned.
Decree of the court.
Perpetuating injunction, a8 to $12, error; Hampton being no party to the order Under which it was paid.
Party having .complete defence at law, and neglecting to avail himself of it, can not apply to the chancellor for relief, unless he shew satisfactory excuse for not defending at law.
The court perpetuated Dudley’s injunction for the $12, but dissolved it for the remainder, without damages, and decreed in his favor against Hampton, his' costs.
The decree for costs would have been right, if i£ had been proper to perpetuate the injunction for the $12. But iu allowing this credit, the Court erred. As Hampton was no party to the suit, when the order was made, no payment by Dudley under the order could affect his right to the whole amount of the note.-
Dudley’s only remedy for the $12, was against Milk on his bond, which he might have enforced in the suit in chancery, or might yet put in suit at law. The order was a very extraordinary One.- But if it were allowable for the court to make it, Hampton cannot be in the slightest degree, prejudiced by it. If there had been sufficient evidence of the payment of the $12, the court erred in allowing the credit for it;
There is no doubt that Hampton was entitled to no more than the value of $100 in commonwealth’s paper;* But can Dudley now be relieved in Chancery? We think not. He had all the means of relief, full and complete in the action of covenant against'him. By proving that the town funds iVere commonwealth’s paper, and proving the value of the paper, he would have been entitled to a correspondent reduce tion in the amount of the verdict and judgment. The note cannot, by any reasonable construction, be made to mean any more than that Dudley is to pay to M’Cracken, $100 in such funds as belong to the trustees. If these funds were specie, the $100 is specie; if they were commonwealth’s paper, the $100 was paper, as much as if the note had been drawn expressly *275 fbr such paper. Having ample defence at law therefore, Dudley cannot ask relief of the chancellor, unless he had shewn some good reason for not making his defence at law. This he has not attempted to do. It was therefore right to dissolve his injunction, so far as this ground of equity was concerned. -t
■ Erroneous' judgment, so long as unreversed, oblig-, atory and not to be controlled, unless for fraud in its obtention.
Upon dissolution of injunction, he should pay-costs anil damages.
Triplett, for plaintiff; Haggin, for defendant.
It would be hard that Dudley should pay the nominal amount in specie. But he ought to have made the proper defence at law. The judgment cannot be resisted, as long as it shall remain unreversed. Whether it could be reversed or not, it would be premature and improper now to decide, or even intimate. But it cannot be controlled or modified by a suit in chancery, without proof of fraud, in obtaining it. If it be correct and irreversable, Dudley has now no remedy left for his extrication from its legal effects. If it be erroneous, its reversal, by writ of error to this court, is the only mode for avoiding or postponing its operation.
The court, therefore, erred in decreeing to Dudley, costs; and as Dudley had no right to go into chancery, the court ought to have decreed damages on the dissolution of the injunction.
Wherefore, the decree is reversed and the cause remanded, with instructions to enter a decree, corresponding with this opinion.